THE STATE OF OHIO, APPELLEE, *v.* GIDEONS, APPELLANT

(No. 35341—Decided January 27, 1977.)

*Mr. John T. Corrigan,* for appellee.
*Mr. James R. Willis,* for appellant.

CORRIGAN, J. This is an appeal from a judgment of the Court of Common Pleas finding the appellant, Thomas Gideons, guilty of murder and sentencing him to serve a prison term of fifteen years to life.

The charge in this case arose out of an incident that occurred on February 15, 1975. On that date, the appellant, Thomas Gideons, went to Moses Ricks' house for a social visit. He was invited into the house, and Mr. Ricks and the appellant engaged in friendly conversation about such topics as to their cars, unemployment and jobs. At some point in the evening, while the two men were in the kitchen, Moses Ricks indicated to the appellant that Ricks' ex-wife and appellant's wife were moving furniture out of Ricks' house and into the appellant's house. An argument ensued over this, and Mr. Ricks asked the appellant to leave his home. As the appellant was leaving, a fight occurred between the appellant and Mr. Ricks. During the fight, the appellant pulled a gun and shot and killed Mr. Ricks.

As a result of this incident, the appellant was indicted for murder, a violation of R. C. 2903.02, and was afforded a jury trial. At the trial, the appellant contended that he shot Moses Ricks in self-defense. After hearing all the evidence, the jury found the appellant guilty as charged.

The appellant has assigned six errors in his trial as a basis for his appeal. The appellant's assignments of error are:

"1. The Court erred in instructing the jury that the defendant was required to prove, by a preponderance of the evidence the defense of self-defense.

"2. Due process is violated when the defendant is required to prove, by a preponderance of the evidence, self-defense. The standard mandated by the 5th and 14th Amendments is that the State prove beyond a reasonable doubt that absence of self defense once the issue has been raised.

"3. The State's requirement that self-defense be affirmatively established by the defendant is violative of Due Process.

"4. The Court erred in instructing the jury not even to consider the defense of self-defense until after the jury was convinced of the defendant's guilt as to murder or manslaughter.

"5. The Court erred in denying, in its entirety, the appellant's Motion for Judgment of Acquittal made at the close of all the evidence and post-trial.

"6. There is insufficient evidence as a matter of law to support the murder conviction in this case."

The appellant's first, second, third and fourth assignments of error all concern the correctness of the trial court's instruction to the jury on the issue of self-defense. In his brief, the appellant treats all four of these assignments jointly. Since the appellant's first four assignments of error deal with a common issue, for purposes of clarity and to avoid repetition, they will be treated as a single assignment of error.

The common thread running through appellant's first four assignments of error is the contention that the trial

court erred in instructing the jury that the appellant had the burden of proving his claim of self-defense by a preponderance of the evidence. After instructing the jury as to the elements of the affirmative defense of self-defense, the trial judge stated:

"The burden of proving the defendant's defense of self-defense is upon the defendant. He must establish such defense by a preponderance of the evidence."

In *State* v. *Robinson* (1976), 47 Ohio St. 2d 103, the Ohio Supreme Court had this identical issue before it and held that it was error to impose "* * * upon the defendant the burden of proving self-defense by a preponderance of the evidence * * *." *State* v. *Robinson, supra,* at 113. The court in *Robinson* stated that the only burden the defendant has in relation to a claim of self-defense is the burden of going forward with enough evidence to bring the issue of self-defense into the trial.

The court's opinion in *Robinson* points out that, with the adoption of the new criminal code in 1974, Ohio changed its rule in regard to the burden of proof on the issue of self-defense. Prior to the revision of the code, Ohio adhered to the rule that the defendant bore the burden of proving self-defense by a preponderance of the evidence. The *Robinson* court, however, held that with the adoption of the new criminal code and, more specifically, with the adoption of R. C. 2901.05(A) this rule was changed. Under the new criminal code, the defendant no longer bears a burden of proving self-defense by any degree of proof, but only bears the burden of going forward with enough evidence to bring the issue of self-defense into the trial. A bare assertion by the defendant that he acted in self-defense will not bring the affirmative defense of self-defense into issue in the trial. Coupled with such an assertion must be supporting evidence from whatever source introduced of a nature and quality sufficient to raise the defense and which "* * * if believed, would under the legal tests applied to a claim of self-defense permit a reasonable doubt as to guilt * * *." *State* v. *Robinson, supra,* at 113, quoting with approval from *State* v. *Millett* (Me. 1971), 273 A. 2d

504. Once this occurs, the defendant is entitled to a jury instruction on the issue of self-defense.

The burden of proof in a criminal case is on the state and that burden remains with the state throughout the trial. To obtain a conviction the state must prove the defendant guilty beyond a reasonable doubt. When an affirmative defense becomes an issue in the trial, the burden of proof does not shift.from the state to the defendant. The defendant is not required to establish that the defense actually existed. All that is required of the defendant to obtain an acquittal on the basis of an affirmative defense is to point to evidence relating to the affirmative defense issue, whether introduced by the state or the defense, which is sufficient to create in the minds of the jurors a reasonable doubt as to his guilt. When this occurs, the state has failed to meet its burden of proof and the defendant should be acquitted.

When in a criminal case, a claim of self-defense is properly raised, the trial judge should instruct the jury as to the elements of the crime charged; what constitutes self-defense; that if an act which would otherwise be criminal is done in self-defense, the self-defense will excuse the unlawfulness of the act; and that the state is required to prove the defendant's guilt beyond a reasonable doubt. The judge should also instruct the jury that if after considering all the evidence including the evidence on the issue of self-defense there is a reasonable doubt in their minds as to the unlawfulness of the act, then they should return a verdict of not guilty. The judge need not instruct the jury as to who bears the burden of proof on the issue of self-defense. The burden upon the state of establishing guilt beyond a reasonable doubt is the only charge on burden of proof that the judge need give to the jury. This is consistent with the rule laid down by our Supreme Court in *State* v. *Robinson, supra,* at 112:

"The procedural steps to be taken by the trial court are well stated in *State* v. *Millett, supra* (273 A. 2d at 508):

" 'When such evidence is forthcoming the trial court must first, viewing that evidence in the light most favor-

able to the defendant, determine whether or not it is adequate to raise the self-defense issue, and, if believed, would under the legal tests applied to a claim of self-defense permit a reasonable doubt as to guilt, stemming from that claim, to arise. Having concluded as a matter of law that the self-defense issue is thus properly tendered, the trial court need only instruct the jury as to the elements of self-defense. He will have no occasion to speak of burden of proof other than to explain the State's burden of proving guilt beyond a reasonable doubt. If the evidence adduced, so viewed, is legally insufficient to raise the issue, the trial court will have no occasion or obligation to instruct the jury on the elements essential to a valid claim of self-defense, but rather will remove the issue of self-defense from jury consideration.' "

The trial judge erred in charging the jury that the defendant had the burden of proving self-defense by a preponderance of the evidence.

Although the appellant's trial was conducted prior to the decision in *State* v. *Robinson, supra,* the rule announced in *Robinson* is still applicable to his trial. The court in *Robinson* did not create a new rule of law on burden of proof. The court merely interpreted R. C. 2901.05(A) and explained the change in burden of proof on affirmative defenses mandated by the Ohio legislature when it enacted that section. Since R. C. 2901.05(A) was in effect at the time of the appellant's trial, it controlled the conduct of his trial and should have been applied by the trial judge.

In his brief, the appellant also argues that the trial court's charge to the jury violated his right to Due Process under the United States Constitution. We need not address this claim. An appeals court should not consider an appellant's constitutional claims for relief when he is entitled to relief on purely statutory grounds. *Burt Realty Co.* v. *Columbus* (1970), 21 Ohio St. 2d 265; *Greenhills Home Owners Corp.* v. *Village of Greenhills* (1966), 5 Ohio St. 2d 207. Since our application of R. C. 2901.05(A) to this case affords the appellant the relief he is seeking, we need not consider his constitutional claims.

The prosecution urges us to affirm the appellant's conviction, even if the jury instruction on self-defense was in error. The prosecution contends that the appellant is not entitled to relief because he failed to object to the erroneous charge, as required by Criminal Rule 30, and because a later jury instruction cured the erroneous charge.

Criminal Rule 30 provides that a party may not assign as error the giving or the failure to give an instruction unless he objected to the instruction before the jury retired. A review of the record in this case reveals that the appellant did object to the court's charge on self-defense. In instructing the jury, the court charged them to first determine if the appellant had committed the crime charged or a lesser included offense therein, and only if they found that the appellant had committed one of those crimes should they then consider the evidence on self-defense. Appellant's counsel indicated to the court that he believed that the proposed instruction was erroneous and that the jury should be allowed to consider all the evidence including the evidence on self-defense when originally determining if the appellant had committed any of the crimes with which he was charged.

Appellant's counsel was correct. When deciding if the state has proved a defendant's guilt beyond a reasonable doubt, the jury should be permitted to consider all the evidence bearing on the defendant's guilt. Although appellant's objection did not specifically raise the issue of who bears the burden of proof on the issue of self-defense, it was sufficient to call into issue the correctness of the court's charge on self-defense. As the Ohio Supreme Court held in *Presley* v. *Norwood* (1973), 36 Ohio St. 2d 29, when it construed Civil Rule 51, a provision analogous to Criminal Rule 30:

"Where the record affirmatively shows that a trial court has been fully apprised of the correct law governing a material issue in dispute, and that the complaining party has unsuccessfully requested the inclusion of that law in the trial court's charge to the jury, such party does not waive his objections to the court's charge by failing to *formally*

object thereto. (Civ. R. 51[A].)" (Paragraph one of the syllabus.)

Although the appellant did not formally object to the charge on burden of proof, we believe his objection was sufficient to bring into issue the correctness of the charge on self-defense and allows us to review any error in that charge.

Even if the appellant's objection was not sufficient under Criminal Rule 30, the error in this case is so critical to the fairness of the guilt determining process that it constitutes plain error and can be considered even absent an objection in the trial court. Criminal Rule 52(B) allows the court to recognize plain errors that affect substantial rights of the accused even when not brought to the attention of the court by counsel. Federal courts considering the effect of Rules 30 and 52 of the Federal Rules of Criminal Procedure, which are substantially similar to Criminal Rule 30 and Criminal Rule 52(B), have held that the two rules must be construed together and neither permitted to destroy the effect of the other. *United States* v. *Ostendorff* (C. C. A. 4, 1969), 371 F. 2d 729, *certiorari denied*, 386 U. S. 982. Federal courts have held that Fed. R. Crim. P. 30 does not automatically bar a review of plain errors in jury instructions. *United States* v. *Buffa* (C. C. A. 6, 1975), 527 F. 2d 1164; *United States* v. *Atkins* (C. C. A. 8, 1973), 487 F. 2d 257; *United States* v. *Bagby* (C. C. A. 9, 1971), 451 F. 2d 920; *Herzog* v. *United States* (C. C. A. 9, 1956), 235 F. 2d 664, *certiorari denied*, 352 U. S. 844. In *Yungwirth* v. *McAvoy* (1972), 32 Ohio St. 2d 285, the Ohio Supreme Court considered whether or not an appellant should be permitted to claim error in a jury instruction to which he did not object in the trial court. The court refused to allow a consideration of the alleged error, but did indicate that in some circumstances the plain error rule would allow a review of alleged errors not objected to in the trial court. At page 288 of the opinion, the court stated:

"Some federal courts refuse to make any exception to the requirements of Rule 51 and the reluctance of other federal courts to apply the exception is apparent. Excep-

tions are granted only in circumstances where the error has seriously affected the basic fairness, integrity, or public reputation of the judicial process.'" (Citations omitted.)

If plain error is available in a civil case where the error affects the basic fairness, integrity or public reputation of the judicial process, then it should be available in a criminal case where the error affects the basic fairness, integrity or public reputation of the judicial process.

"In a criminal case, even more than a civil case, there is a duty upon the court to protect the substantial rights of the defendant, even if his attorney fails to make the proper objections. Thus, we recognize the right and duty of this court to notice plain errors affecting substantial rights of the defendant, even where not brought to the attention of the court as ordinarily required for review by Crim. R. 30." *State* v. *Brewster* (1976), 1 Ohio Op. 3d 372, 375.

To properly decide a criminal case, it is essential that the jury has a clear understanding of which party has the burden of proof. Without such an understanding, the jury cannot possibly properly perform its function. When in a criminal case the trial court erroneously places the burden of proof on the defendant, that error affects substantial rights of the accused and affects the basic fairness, integrity and public reputation of the judicial process. Such an error is plain error under Crim. R. 52(B) and may be reviewed by an appellate court even where the accused failed to object to the jury instruction as required by Crim. R. 30.

The state also contends that the erroneous charge on self-defense was cured by a later charge to the jury. After charging the jury that the appellant had the burden of proving his claim of self-defense by a preponderance of the evidence, the court instructed the jury as follows:

"If the defendant fails to establish the defense of self-defense, the State must still prove all of the elements of the crime charged or any lesser included offense by

---

³Fed. R. Civ. P. 51 is the federal civil equivalent of Fed. R. Crim. P. 30 and Ohio Crim. R. 30.

proof beyond a reasonable doubt."

The state contends that this was a correct statement of the state's burden of proof and corrects the court's previous charge which placed the burden of proof of self-defense on the appellant. We cannot agree. The charge still indicates to the jury that the defendant has the burden of establishing the defense of self-defense. This is an incorrect statement of the law. Also, even if the charge did state that the defendant did not have a burden of proof on the issue of self-defense, such a charge in close conjunction with the previous charge that the defendant did have the burden of proving self-defense could only serve to confuse the jury. See *State* v. *Millett, supra.*

The trial court's erroneous instruction to the jury that the appellant had the burden of proving his claim of self-defense by a preponderance of the evidence was error prejudicial to substantial rights of the appellant and requires the reversal of his conviction.

Appellant's fifth and sixth assignments of error both deal with the weight of the evidence and will be disposed of jointly. The appellant contends that there was insufficient evidence of the appellant's guilt to send the case to the jury or to support the jury's finding of guilt.

At the trial there was testimony from three eyewitnesses to the crime—Doris Ricks, Charles Cardwell, and the appellant. Doris Ricks, Moses Ricks' wife, testified that when Mr. Ricks asked the appellant to leave the house, the appellant refused. Moses then placed his hands on the appellant's shoulders, pointed him toward the door and told him to go. As the appellant was exiting the kitchen door, he whirled around and pulled a gun on Mr. Ricks. At this point, Mr. Ricks rushed the appellant. A struggle ensued and Mr. Ricks was shot.

Charles Cardwell, who was Mr. Ricks' stepson, testified that he was sitting in a room adjacent to the kitchen when he heard the first shot. He immediately went to the kitchen and looked out the kitchen window. By the time he reached the kitchen window, both Mr. Ricks and the appellant were outside. Charles saw Mr. Ricks on the ground,

on all fours with his right leg extended. Charles testified that Mr. Ricks was attempting to get up and tried to grab the appellant's jacket, when the appellant stepped back and fired four shots at Mr. Ricks.

The appellant testified that when Moses Ricks told him to leave the house he agreed. As he was leaving, Moses grabbed him around the waist and the two men struggled and ended up outside of the house. Both men fell to the ground and as they got up, Ricks grabbed the appellant's jacket. The appellant testified further that Ricks would not let go of his jacket and he was in fear of his life, when he pulled the gun out from underneath his shirt and shot Mr. Ricks.

Dr. Adelson of the coroner's office testified that four bullets entered Mr. Ricks' body. One bullet struck Mr. Ricks in the thigh from the front, and the remaining three bullets struck Mr. Ricks in the back.

Although there is some conflict in the evidence, a review of the testimony of Mrs. Ricks, Charles Cardwell, and the appellant, and the other evidence in the record leads us to conclude that there was sufficient evidence presented to the jury from which they could conclude beyond a reasonable doubt that the appellant was guilty as charged. Appellant's fifth and sixth assignments of error are overruled.

Since the trial judge erroneously instructed the jury that the appellant had the burden of establishing his claim of self-defense by a preponderance of the evidence, the appellant's conviction is reversed and the case is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed and cause remanded.*

DAY, P. J., and PARRINO, J., concur.