. MAPES, APPELLEE, *v.* OPPER ET AL., APPELLANTS.

(No. 1047—Decided March 18, 1983.)

*Mr. William E. Riedel,* for appellee.
*Mr. James M. Gillette,* for appellants.

COOK, P.J. On October 20, 1980, Robert J. Opper, an appellant herein, was an employee of Chardon Auto Parts, Inc., an appellant herein, and was on his way, in a van, to Garfield Heights to make a pick-up when he was involved in an accident on Wilson Mills Road with an automobile being driven by David Mapes, appellee herein.

On August 24, 1981, appellee filed a complaint for money damages against appellants alleging Opper negligently caused the accident on Wilson Mills Road. Appellants filed a joint answer which set forth various defenses, including the affirmative defense of sudden emergency.

The matter proceeded to trial by jury. At the close of all the evidence, appellee moved for a directed verdict as to liability. The court granted appellee's motion stating that Opper was negligent *per se* in going left of center in violation of R.C. 4511.25 and 4511.26. The issue of damages was submitted to the jury which returned a verdict of $60,000 in favor of appellee.

Appellants have appealed the judgment of the trial court and have filed the following assignment of error:

"The trial court erred to the prejudice of defendants-appellants in granting plaintiff-appellee's motion for directed verdict made at the close of appellants-defendants' case and refusing to instruct the jury on the issue of 'sudden emergency.' "

The assigned error is without merit.

Civ. R. 50(A) provides:

"Motion for directed verdict.

"* * *

"(4) When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

Appellants argue that oil on the roadway at the scene of the accident presented Opper with a sudden emergency which

forced him to go left of center. Appellants contend this issue was one of fact and should have been submitted to the jury.

There is no factual dispute that Opper, at the time of the accident, went left of center into the oncoming path of appellee in violation of R.C. 4511.25 and 4511.26. Unexcused failure to comply with said statutes constitutes negligence *per se. Oechsle* v. *Hart* (1967), 12 Ohio St. 2d 29 [41 O.O.2d 215], paragraph one of the syllabus.

Appellants contend that Opper's failure to comply with said statutes was excused because he was confronted with a "sudden emergency" in that the road, at the scene of the accident, was covered with oil, and that when he applied his brakes, he skidded over the center line into appellee's path. Appellants argue such circumstances presented an issue of fact for the jury.

The general rule is that one who in a sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence. *Scott* v. *Marshall* (1951), 90 Ohio App. 347 [48 O.O. 12]; *Stremanos* v. *Cleveland Transit Co.* (App. 1947), 50 Ohio Law Abs. 123.

"In a negligence action, the so-called 'emergency doctrine' applies only where there was a sudden and unexpected occurrence of a transitory nature which demanded immediate action without time for reflection or deliberation and does not comprehend a static condition which lasted over a period of time." *Miller* v. *McAllister* (1959), 169 Ohio St. 487 [8 O.O.2d 485], paragraph six of the syllabus.

In order to avoid liability for injuries resulting from his failure to comply with a safety statute regulating the operation of a motor vehicle on the public highways, a motorist must show that something over which he had no control, or an emergency not of his own making, made it impossible for him to comply with the statute. A self-created emergency, one arising from his own conduct or from circumstances under his control, cannot serve as an excuse. *Oechsle* v. *Hart, supra; Peters* v. *B. & F. Transfer Co.* (1966), 7 Ohio St. 2d 143 [36 O.O.2d 180]; *Spalding* v. *Waxler* (1965), 2 Ohio St. 2d 1 [31 O.O.2d 1].

In the instant cause, the evidence at the end of appellee's case-in-chief, was to the effect that, approximately one half mile from the scene of the accident, Opper became concerned because the rear of his van began to "shimmy" and "slide." He reduced his speed and, upon reaching the top of the hill just before the accident scene and after tapping his brakes, the van began to slide down the hill and travel left of the yellow center line. The testimony of Sgt. Steven Raubenolt of the State Highway Patrol was to the effect that, in responding to a call about the accident, within fifteen or twenty minutes, he proceeded over the same path traveled by Opper a short time earlier and his cruiser "fishtailed" sideways on the highway at approximately the same place Opper's van had shimmied and slid. Raubenolt testified there was a multi-colored rainbow type film on the road from that point to the scene of the accident.

The trial court properly found that the evidence did not indicate that Opper was required to violate R.C. 4511.25 and 4511.26 because of a sudden emergency, as urged by appellants. The evidence demonstrated that the oil on the highway was not a sudden and unexpected occurrence of a transitory nature. The oil was on the highway for approximately one half mile before the scene of the accident. It was a static, not a transitory, condition. The evidence further indicated Opper was aware, approximately one half mile from the scene of the accident, that something made his van shimmy and slide. It was something over which he had control. He reduced his speed, but not enough, as evidenced by his sliding across the center line when he "tapped" his brakes just before the accident.

After construing the evidence most strongly in favor of appellant, the trial court properly found that, upon the issue of liability, reasonable minds could come to but one conclusion: Opper was negligent *per se* and his negligence was the proximate cause of the accident and appellee's injuries.

Having found the court did not err in directing a verdict as to liability, it was not error for the court to have refused to instruct the jury on the defense of "sudden emergency."

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DAHLING and FORD, JJ., concur.