The STATE of Ohio, Appellee,

v.

McWILLIAMS, Appellant.

[Cite as *State v. McWilliams* (1989), 65 Ohio App.3d 699.]

Court of Appeals of Ohio,
Montgomery County.

No. 11555.

Decided Dec. 19, 1989.

*Carol Holm,* Assistant Prosecuting Attorney, for appellee.

*Dan D. Weiner,* for appellant.

BROGAN, Judge.

Appellant, Patrick L. McWilliams, was found guilty by the trial court, sitting without a jury, of a violation of R.C. 4511.30, driving left of center.

The trial court heard the testimony of Claudette Clark, driver of the vehicle with which appellant collided, Dolly Treadwell, who observed appellant's vehicle prior to the collision, Officer Ronnie Gray, who investigated the scene of the collision, and appellant.

On January 6, 1989, Clark, driving a Chrysler LeBaron, was exiting a drive leading from Society Bank onto Burkhardt Road. Burkhardt runs east and west. Clark was driving south out of Society Bank and attempting to turn left to go eastbound on Burkhardt. Clark testified that a small truck in the westbound lane of Burkhardt stopped prior to the exit to let her out. Traffic was backed up from the traffic light at Woodman, the street which intersected Burkhardt just west of the Society Bank drive, to Pandora Drive, which intersected Burkhardt just east of the Society Bank drive. Prior to turning onto Burkhardt, Clark stated that she looked to the left and to the right to see whether any traffic was coming. She had pulled out of the drive and had passed the truck which let her out in order to see around the truck to her left.

Just as she pulled past the truck, Clark's vehicle was hit by appellant who was driving a Monte Carlo. Appellant, travelling westbound on Burkhardt, collided with the left front portion of Clark's vehicle almost to the driver's door. The right front fender of appellant's vehicle was damaged.

Treadwell observed appellant driving his vehicle just prior to the accident. She testified that she was stopped in a line of westbound traffic on Burkhardt near Pandora when appellant passed her on her left. Treadwell testified that her vehicle was in the middle of the westbound lane and that when appellant passed her, his vehicle was straddling the yellow line. After observing appellant's vehicle, Treadwell glanced down, and when she looked up again, the collision had already occurred.

Officer Gray investigated the accident and determined from the physical evidence at the scene and from the statement of Treadwell, an unbiased witness, that appellant had driven his vehicle left of center. At the point of

impact, appellant's vehicle was straddling the double yellow lines on Burkhardt. His vehicle was facing westbound on Burkhardt while Clark's vehicle was facing southbound across Burkhardt perpendicular to the flow of traffic along that roadway.

Gray testified that the westbound portion of Burkhardt between Pandora and the Society Bank drive is comprised of a single lane of travel and is marked as such. Just west of the Society Bank drive heading towards Woodman, the westbound portion of Burkhardt is divided into two lanes: a straight through lane and a lane for a left turn onto Woodman.

Appellant took the stand and denied driving across the center line at any time.

Immediately following the testimony, the trial court found appellant guilty of violating R.C. 4511.30. The court inquired whether appellant was insured at the time of the accident and he replied that he was not. The court fined appellant $25 as well as court costs. Furthermore, the court suspended appellant's right to drive for one year. Sentence was not stayed pending appeal and appellant was ordered to pay the fine. We note that had appellant's license not been suspended, the instant appeal would therefore be moot. See *State v. Berndt* (1987), 29 Ohio St.3d 3, 29 OBR 173, 504 N.E.2d 712.

Appellant sets forth the following three assignments of error:

"I. The guilty verdict of the trial court is against the manifest weight of the evidence.

"II. The guilty verdict of the trial court is against the manifest weight of the law.

"III. Burkhardt Road as described in the case *sub judice* as a matter of law, is considered a two lane road for westbound traffic, although there are no specific lane markings prior to the bank entrance."

Appellant argues his first two assignments of error together. We will address them similarly.

■ Appellant contends that R.C. 4511.30 is inapplicable to vehicles operated under conditions described in R.C. 4511.25(A)(2). Such conditions, argues appellant, were present at the time of the accident.

R.C. 4511.30 contains the following provisions:

"No vehicle or trackless trolley shall be driven upon the left side of the roadway under the following conditions:

"(A) When approaching the crest of a grade or upon a curve in the highway, where the operator's view is obstructed within such a distance as to

create a hazard in the event traffic might approach from the opposite direction;

"(B) When the view is obstructed upon approaching within one hundred feet of any bridge, viaduct, or tunnel;

"(C) When approaching within one hundred feet of or traversing any intersection or railroad grade crossing.

"This section does not apply to vehicles * * * driven * * * under the conditions described in division (A)(2) of section 4511.25 of the Revised Code."

R.C. 4511.25(A)(2) reads:

"(A) Upon all roadways of sufficient width, a vehicle or trackless trolley shall be driven upon the right half of the roadway, except as follows: " * * *

"(2) When an obstruction exists making it necessary to drive to the left of the center of the highway; provided, any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard[.]'"

Although appellant does not specifically identify the obstruction which made it necessary for him to operate his vehicle left of center, we infer from the facts that the line of westbound traffic stopped along Burkhardt from Woodman to Pandora constituted the obstruction.

The case of *Mapes v. Opper* (1983), 9 Ohio App.3d 140, 141, 9 OBR 205, 206, 458 N.E.2d 892, 894, accurately sets forth Ohio law governing the circumstances under which an obstruction will excuse the conduct of driving left of center:

"In order to avoid liability for injuries resulting from his failure to comply with a safety statute regulating the operation of a motor vehicle on the public highways, a motorist must show that something over which he had no control, or an emergency not of his own making, made it impossible for him to comply with the statute. A self-created emergency, one arising from his own conduct or from circumstances under his control, cannot serve as an excuse." See also, *Oechsle v. Hart* (1967), 12 Ohio St.2d 29, 41 O.O.2d 215, 231 N.E.2d 306; *Francis v. Bieber* (1967), 10 Ohio St.2d 65, 39 O.O.2d 52, 225 N.E.2d 251.

We cannot say that a line of vehicles stopped in the single marked lane of traffic constitutes an obstruction which justified appellant's conduct. There are no circumstances in this case which indicate that it was impossible for appellant to remain within the single marked lane of traffic. Certainly it was within appellant's control to wait his turn in the line of traffic until he could lawfully enter the second marked lane of travel which began just west of the

Society Bank drive. Therefore, appellant's contention that his conduct was excused as a matter of law is without merit.

In *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, the Supreme Court discussed the role of an appellate court reviewing a manifest weight objection. The *Sage* court indicated: "[I]t is not the function of this court to weigh the evidence developed at trial. However, we will examine the record in order to determine whether the evidence is of sufficient probative force to support a finding of guilt beyond a reasonable doubt." *Id.* at 183, 31 OBR at 383–384, 510 N.E.2d at 351. Further, the court, quoting *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, found: " * * * This court's examination of the record at trial is limited to a determination of whether there was evidence presented, 'which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.' " *Sage, supra,* 31 Ohio St.3d at 184, 31 OBR at 384, 510 N.E.2d at 351. Therefore, our task is to determine whether there was substantial evidence.

We hold in the affirmative. The trial court heard the testimony of Dolly Treadwell, an unbiased witness who stated that she observed appellant straddling the yellow line when his vehicle passed hers. This testimony, if believed, is sufficient to permit a finding of guilt. The fact that appellant's vehicle, following the collision, came to a stop astride the yellow line further permits the inference that appellant was driving in violation of R.C. 4511.30. However, the position of appellant's vehicle at the point of impact is not the issue, for if at any time appellant was driving left of center he was in violation of R.C. 4511.30.

For the reasons stated above, appellant's first and second assignments of error are overruled.

Assuming, *arguendo*, that appellant's third assignment of error has merit, it is irrelevant to a finding of guilt for violation of R.C. 4511.30. Even if the entire portion of Burkhardt between Pandora and Woodman can be considered a two-lane road, appellant was cited for driving his vehicle left of the center line. Therefore, appellant's third assignment of error is overruled.

Finally, we address an error not assigned or specified in the briefs, as we are permitted to do under R.C. 2505.21. See, also, App.R. 12.

We find that the trial court committed plain error in suspending appellant's license for one year. The statute which governs suspension of a license by a trial judge is R.C. 4507.16. This statute enumerates several statutes which, if violated, warrant the suspension or revocation of the

offender's license. Our examination of R.C. 4507.16 reveals that appellant was not found guilty of any of the violations set forth in the statute.

The record contains no indication that appellant's violation of R.C. 4511.30 was other than his first such violation. Therefore, R.C. 4511.99 classifies appellant's violation as a minor misdemeanor, the penalty for which is a fine of not more than $100. See R.C. 2929.21(D).

The suspension of appellant's license by the trial court exceeds the bounds of permissible statutory penalties. Plain error is committed when, on the face of the record, "substantial rights of the accused are so adversely affected as to undermine the 'fairness of the guilt determining process' * * *." *State v. Swanson* (1984), 16 Ohio App.3d 375, 377, 16 OBR 430, 432, 476 N.E.2d 672, 675, citing *State v. Gideons* (1977), 52 Ohio App.2d 70, 77, 6 O.O.3d 50, 54, 368 N.E.2d 67, 72. We are permitted to notice plain error not brought to our attention. Crim.R. 52(B).

The trial court exceeded the dictates of the Ohio penalty statutes in ordering the suspension of appellant's license for a minor misdemeanor. In doing so, the trial court committed plain error. We therefore modify the judgment insofar as it contained an order for the suspension of appellant's license. As modified, the judgment of the trial court is affirmed.

*Judgment accordingly.*

FAIN and GRADY, JJ., concur.