DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Robert E. Biehl appeals from two orders of the Akron Municipal Court, one finding him 100 percent negligent for failing to control his truck, and the other denying his motion for a new trial. We affirm.
The controversy at issue stems from a collision that occurred when Biehl and the driver of another truck, Gene Riggin, were traveling south on State Route 8 in Akron. When Biehl refused to pay for damage caused to Riggin's truck, Grange Mutual Casualty Company, Riggin's insurer, paid Riggin $2,462.49 for repairs, becoming subrogated as to that amount. Grange and Riggin then brought a claim against Biehl, alleging negligent operation.
The trial court overruled Biehl's motion to dismiss, and the matter was tried to the bench. At the conclusion of trial, the court found Biehl "100% negligent in failing to control his vehicle and in leaving his lane of travel to collide with [Riggin]" and awarded damages in the amount of $2,712.49 to Plaintiffs. The court determined the following to be the relevant facts adduced at trial:
 On March 3, 1995, at approximately 7:15 a.m., Plaintiff's insured (Gene Riggin) was traveling southbound on Route 8 from Cuyahoga Falls to Akron. He was driving a white 1992 Ford pick-up truck and traveling in the right or curb lane as he approached the Perkins Street exit. He felt a jolt as he turned to his left to see a blue pick up truck driven by Defendant. Riggin pulled off the side of the expressway and used his car phone to call police. While waiting for the police to arrive, Robert Biehl, driver of the blue truck approached Riggin. When confronted with the statement, "You're the guy who just hit my truck," Biehl did not deny having done so.
 Biehl, who was also traveling southbound on Route 8, was traveling in the high speed or passing lane when he noticed a problem with his steering. He put on his brakes and felt his car surge to the right. He then put on his hazard lights. As he was traveling roughly 50 mph, he alleges a car traveling in the center lane hit him from the right causing him to lose control and spin out on the highway. Fortunately, the traffic behind him had come to a stop and did not collide with his truck as it came to rest facing eastbound across two lanes of traffic. Biehl was able to move his car onto the Perkins Street ramp where one of the rear tires came off completely.
 Just ahead of the Plaintiff's insured and the Defendant's vehicle was a car driven by William Duve, a co-worker of Riggin. Duve testified of seeing from his rear-view mirror the Defendant's truck swing out of control and collide with Plaintiff's truck. Each party submitted photographs of the respective vehicles.
Biehl moved for a new trial, alleging as grounds Plaintiffs' misconduct, perjury, and newly discovered evidence. The trial court overruled the motion, finding that Biehl had presented "no new evidence which would justify granting a new trial pursuant to Civil Rule 59."
Biehl has appealed, asserting three assignment of error.
 I.
In his first assignment of error, Biehl argues that the trial court's judgment finding him negligent in causing damage to Riggin's truck was against the manifest weight of the evidence. He points specifically to Riggin's faulty memory at trial, inconsistencies between Biehl's testimony and that of Riggin, inconsistencies between photographs in evidence and the court's version of the facts, and the biased testimony of William Duve.
In reviewing a judgment in a civil case that is alleged to be against the weight of the evidence, a court will only reverse when it "is so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice." Jacobs v. Benedict
(1973), 39 Ohio App.2d 141, 144, quoting 3 Ohio Jurisprudence 2d (1953) 817, Appellate Review, Section 819. The judgment of the trier of fact is only to be disturbed when "it clearly appears that the conclusion reached cannot be supported by any rational view of the evidence." Id. at 144-145. Thus, an appellate court cannot reverse a judgment in a civil action if it is "supported by some competent, credible evidence." C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, 280.
Biehl has provided this court with only a partial transcript of the trial court proceedings. He has provided the testimony of Riggin and Duve, the witness to the collision, but was unable to provide this court with a transcript of his own testimony or that of the investigating officer. Biehl has also included with this appeal climatological data that was not admitted into evidence by the trial court.
App.R. 9(B) requires an appellant who is arguing that the verdict is contrary to the evidence to include in the record "a transcript of all evidence relevant to the findings or conclusion," and not merely selected portions of the record. (Emphasis added.) In the absence of an adequate record or a substitute statement of the evidence as permitted by App.R. 9(C) and (D), an appellate court must presume the validity of the lower court's proceedings and affirm. Buckingham, Doolittle Burroughsv. Brady (Feb. 1, 1995), Summit App. No. 16835, unreported, at 2, citing Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. See, also, Helton v. Helton (1994), 102 Ohio App.3d 733,737.
As to the climatological data provided by Biehl, a reviewing court cannot consider an exhibit unless the record demonstrates that the exhibit was formally admitted into evidence in the lower court. State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus; Moore v. Nichol (Oct. 30, 1991), Summit App. No. 15062, unreported, at 9. Thus, we may not consider the climatological data as part of this appeal.
Since there is nothing in the record to demonstrate that the partial transcript contains all of the evidence relevant to the issue of negligence, we cannot conclude that the judgment of the trial court was against the manifest weight of the evidence. SeeState v. Steen (1984), 18 Ohio App.3d 68, 69.
Biehl's first assignment of error is overruled.
 II.
In his second assignment of error, Biehl argues that the judgment rendered by the trial court was contrary to law because the court failed to apply the sudden emergency doctrine to his circumstances. Biehl maintains that he reacted reasonably, and not negligently, when his truck developed a steering problem and moved to the right on the highway. He notes that he activated his hazard lights and that his truck was hit by another vehicle which caused him to lose control.
In considering whether a judgment is contrary to law, an appellate court considers the facts in evidence but may not weigh the evidence or assess the credibility of witnesses. Pangle v.Joyce (1996), 76 Ohio St.3d 389, 391.
The sudden emergency doctrine provides "that one who in a sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence."Mapes v. Opper (1983), 9 Ohio App.3d 140, 141. "In a negligence action, the so-called `emergency doctrine' applies only where there was a sudden and unexpected occurrence of a transitory nature which demanded immediate action without time for reflection or deliberation and does not comprehend a static condition which lasted over a period of time." Miller v. McAllister (1959),169 Ohio St. 487, paragraph six of the syllabus.
In order to invoke the sudden emergency doctrine, a motorist must show that something over which he had no control, or an emergency not of his own making, made him react in a way that would otherwise be considered negligent. See Mapes v. Opper,9 Ohio App. 3d at 141. "A self-created emergency, one arising from his own conduct or from circumstances under his control, cannot serve as an excuse." Id. A defendant claiming the defense of sudden emergency is required to establish by a preponderance of the evidence "that the claimed emergency was not the result of any fault of the defendant, or any circumstance under his control, and further that he exercised such care as a reasonably prudent person would exercise under the same or similar circumstances." Radeckiv. Lammers (1968), 15 Ohio St.2d 101, paragraph two of the syllabus.
Applying this standard to the instant case, and on the partial record before us, we find that Biehl failed to establish by a preponderance of the evidence that the claimed emergency created by his faulty steering and brakes was not the result of his fault or a circumstance under his control. Riggin testified that he was "just driving along like this and pretty soon wham, something hits me in the side of the door — I look like that, here I see this blue pick up truck, just bouncing across the — the highway." Duve testified that he saw an "out of control" blue truck hit Riggin's white truck. Riggin testified that, after he pulled over, Biehl approached him and said, "`My tire's going flat' or something like that."
Biehl's trial testimony is not in the record before us. However, the trial court's findings of fact indicate that Biehl "noticed a problem with his steering" and "put on his brakes and felt his car surge to the right."
The record establishes only that Biehl was driving erratically and that, according to him, he experienced some problem with his driving. Nothing in the record establishes that any potential problems with his truck were not known to Biehl previously or that remedying those problems was not under his control. Accordingly, Biehl has failed to establish that he demonstrated to the trial court that his collision with Riggin was the result of a sudden emergency.
We note, moreover, that we can find nothing in the record to establish that Biehl ever presented a defense of sudden emergency to the trial court. Biehl steadfastly maintained throughout his various motions to the court, through his answers to Plaintiffs' interrogatories, and in a separate accident report he filed with the police that his truck and Riggin's truck were hit by a third vehicle that left the scene of the accident. A fundamental rule of appellate review is that a reviewing court will not find error in any issue that a party was aware of but failed to bring to the trial court's attention. Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 210.
As to the existence of a third car and its hit-skip driver, the trial court determined as a factual matter that the car did not exist. We cannot determine as a matter of law that it did.
Biehl's second assignment of error is overruled.
 III.
Biehl attached to his motion for a new trial a copy of Riggin's deposition and an affidavit by Biehl in which he claimed that Riggin: (1) admitted at his deposition that Biehl's truck did not collide with Riggin's truck; (2) admitted through his statement to police at the scene of the accident that a "car" had hit his truck; and (3) stated at his deposition that a witness behind his truck saw Biehl's truck collide with Riggin's when, in fact, the witness testified that he was in front of Riggin's truck and saw the collision through his rear-view mirror. Biehl also attached to his motion, and claimed as new evidence, four photographs of his truck "which were found in Defendant's dresser drawer while cleaning."
In his third assignment of error, Biehl argues that the trial court abused its discretion by failing to properly address and grant his motion for a new trial. He states that he demonstrated the grounds for a new trial set forth in Civ.R. 59(A)(2) and (A)(8). He claims that his affidavit cited various instances of perjury and misstatements by Riggin at trial and that the photographs he presented constituted newly discovered evidence.
Civ.R. 59(A)(2) provides:
 Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * *
(2) Misconduct of the jury or prevailing party;
* * *
 (8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial[.]
The decision whether to grant or deny a motion for a new trial is left to the sound discretion of the trial court. Dawson v.Metrohealth Ctr. (1995), 104 Ohio App.3d 654, 656. A reviewing court may not reverse a trial court's decision on this issue absent an abuse of discretion. Id. "Abuse of discretion" connotes more than an error of law or judgment as it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Cedar Bay Constr., Inc. v. Fremont (1990),50 Ohio St.3d 19, 22.
In Biehl's affidavit attached to his motion for a new trial he asserted that Riggin had committed misconduct and perjury by: (1) admitting at his deposition that Biehl's truck did not collide with his truck; (2) by stating for purposes of the accident report that a "car" had hit his truck; and (3) by testifying at trial that Riggin's blue truck had hit his truck.
Riggin's statement, taken by police after the collision, states, "I was traveling N. On Rt. 8 [at] Perkins St. I was in curb lane a car came from inside lane struck my truck on the driver side door. The other driver wouldn't wait for the police." Riggin testified both at his deposition and at trial that he felt something hit his truck and when he looked to the side he saw a blue pick-up truck "bouncing" across the highway. Despite his sworn testimony, he admitted at his deposition that he "might have said car" when he made his statement to police. Evidence before the trial court included photographs of both Riggin's and Biehl's trucks, which Riggin took the day of the accident. The photographs show the damage to both trucks and show blue paint at the point of impact on Riggin's white truck, and white paint at the point of impact on Biehl's blue truck. Riggin never testified that Biehl's vehicle did not hit his truck; he testified only that he did not see the collision at the moment of impact.
In light of all of the evidence, we cannot conclude that the trial court abused its discretion in overruling Biehl's motion for a new trial on the basis of Riggin's conflicting statements. The trial court was in the position to determine whether Riggin's use of the word "car" when making his statement to police was a generalization by a person just involved in a collision or evidence of misconduct or perjury.
Biehl also maintained in his affidavit that at his deposition Riggin had described Duve as being behind Riggin when the collision occurred. In fact, Duve testified that he was in frontof Riggin and had observed the collision through his rear-view mirror. Biehl maintained in his affidavit that this contradiction amounted to perjury by Duve, misconduct by Riggin, and misconduct by Riggin's counsel who "had the transcript in his brief case and he knew the answers to his questions."
We do not agree. The contradiction may raise a question of credibility, but Biehl failed to demonstrate to the trial court, or to this court, how that contradiction amounts to perjury by a witness and misconduct by the prevailing party or his counsel. Consequently, we cannot determine that the trial court abused its discretion in denying Biehl a new trial on these grounds.
With respect to the photographs that Biehl claimed to be newly discovered evidence, two of the photographs are close-up views of a bolt-punctured tire, one is a view of the tire leaning against the replacement tire, and the fourth is a view of Biehl's truck ostensibly showing damage caused by the hit-skip driver. Biehl placed an explanation on the back of each of these photographs and dated them "11-12-96." There is nothing to establish when they were taken.
In order to justify the granting of a new trial on the basis of newly discovered evidence: "(1) the new evidence must be such as will probably change the result if a new trial is granted, (2) it must have been discovered since the trial, (3) it must be such as could not in the exercise of due diligence have been discovered before the trial, (4) it must be material to the issues, (5) it must not be merely cumulative to former evidence, and (6) it must not merely impeach or contradict the former evidence."Otterbacher v. Brandywine Ski Center, Inc. (May 23, 1990), Summit App. No. 14269, unreported, at 14-15.
We fail to see how the four photographs at issue would change the result of the trial. Nor are the photographs evidence that, with diligence, could not have been discovered before trial.
Biehl's third assignment of error is overruled.
The decision of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Akron Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ WILLIAM R. BAIRD
FOR THE COURT
SLABY, P. J.
QUILLIN, J., J. CONCUR.
APPEARANCES:
SUSAN H. BURNS, Attorney at Law, for Appellant.
HERBERT L. NUSSLE, Attorney at Law, for Appellee.