DECISION AND JUDGMENT ENTRY
This is an appeal from a Portsmouth Municipal Court judgment entered in favor of Julie L. Vanbibber, kna Julie Adkins, defendant below and appellee herein. The trial court concluded that appellee was not liable to Tammy M. Pierce and Vincen L. Pierce, plaintiffs below and appellants herein, for injuries arising out of a car accident.
Appellants raise the following assignment of error for review:
 "THE TRIAL COURT ERRED IN FINDING THE PLAINTIFF-APPELLANT NEGLIGENT."
Our review of the record reveals the following facts pertinent to the instant appeal.[1] On August 19, 1996, Tammy M. Pierce, appellant, was driving north on offnere Street, located in Portsmouth, Ohio. Prior to the intersection of Offnere and Seventh Streets, Offnere Street consists of one lane of travel for northbound traffic. Immediately north of the intersection of Offnere and Seventh Streets, the northbound lane divides into two lanes of travel: one lane for vehicles turning left, and one lane for vehicles proceeding straight or right. Vehicles wishing to turn onto Offnere Street from Seventh Street must stop at a stop sign. No stop sign exists for vehicles traveling north on Offnere and proceeding through the Seventh Street intersection.
As appellant approached the Offnere and Seventh Street intersection, she noticed that Jennifer Scherer had stopped her vehicle at the intersection.[2] Appellant did not remain stopped behind the Scherer vehicle, but chose to pass the Scherer vehicle on the left. In passing the Scherer vehicle, appellant did not cross the yellow center line. As appellant pulled around the Scherer vehicle, appellee, proceeding westbound on Seventh Street and preparing to turn left onto Offnere Street, edged her vehicle into the intersection to turn left. Appellant's and appellee's vehicles collided.
On April 9, 1998, appellants filed a complaint against appellee, alleging that appellee failed to yield the right of way and thus, was negligent. Appellants sought damages for the injuries suffered by appellant, Tammy M. Pierce, and for loss of consortium on behalf of appellant, Vincen L. Pierce.
Appellee filed an answering denying liability and asserting that appellant's negligence was the sole cause of her injuries.
On February 4, 1999, the trial court found in favor of appellee. The trial court essentially concluded that appellant's negligence was the sole proximate cause of the accident. Specifically, the court found that appellant did not possess the right of way to proceed around the Scherer vehicle and continue north on Offnere. The court determined that Scherer had stopped her vehicle at a point on Offnere consisting of a single lane for northbound traffic. The court concluded that vehicles behind the Scherer vehicle, including appellant's vehicle, should have remained stopped until Scherer continued moving her vehicle. The court further concluded that appellee "had the right to expect traffic traveling in that one lane behind the Scherer vehicle would stop behind Scherer." Appellants filed a timely notice of appeal.
In their sole assignment of error, appellants essentially contend that the trial court improperly concluded that appellant's negligence was the proximate cause of the accident.[3]
Appellants assert that appellant, Tammy M. Pierce, operated her vehicle in a lawful manner and as such, that she possessed the right of way. Appellants claim that appellee failed to properly yield the right of way. Appellee asserts that appellant failed to operate her vehicle in a lawful manner and that appellant lost her preferential status to the right of way.
Initially, we note that the relevant facts are undisputed. The instant appeal requires us to determine whether the trial court erroneously applied the above facts in reaching its conclusion that appellant did not possess the right of way to pass Scherer's vehicle on the left. Thus, we are presented with a question of law. "Unlike determinations of fact which are given great deference, questions of law are reviewed by a courtde novo." Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm
(1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684, 686.
In Timmons v. Russomano (1968), 14 Ohio St.2d 124,236 N.E.2d 665, paragraph one of the syllabus, the court set forth the general rule regarding the right of way:
 "Under Ohio law, the driver of a motor vehicle proceeding over a through street in a lawful manner has the absolute right of way over a vehicle on an intersecting stop street, and the driver on the through street may ordinarily assume that such right of way will be respected and observed by the driver of the vehicle on the intersecting stop street."
(Emphasis added.) See, also, Parton v. Weilnau (1959), 169 Ohio St. 145,156, 158 N.E.2d 719, 727 (quoting Morris v. Bloomgren
(1933), 127 Ohio St. 147, 187 N.E.2d 2, paragraph three of the syllabus) (stating that when a vehicle "`is not proceeding in a lawful manner in approaching or crossing the intersection * * * such vehicle loses its preferential status'")
R.C. 4511.01(UU)(1) defines "right-of-way" as follows: "The right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it * * * is moving in preference to another vehicle * * * approaching from a different direction into its * * path."
Thus, the key issue in the case at bar is whether appellant operated her vehicle in a lawful manner. If appellant did not operate her vehicle in a lawful manner, then appellant did not possess the right of way. To determine whether appellant operated her vehicle in a lawful manner, we turn to the provisions of the revised code governing the operation of a motor vehicle.
First, we note R.C. 4511.43 clearly required appellee to yield the right of way to Scherer.
R.C. 4511.43 provides:
 (A) Except when directed to proceed by a law enforcement officer, every driver of a vehicle * * * approaching a stop sign shall stop at a clearly marked stop line * * *. After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection * * *.
Apparently, in the instant case, Scherer had yielded the right-of-way to appellee. Thus, the question becomes whether the driver of a vehicle traveling in a single marked lane of traffic may lawfully pass to the left of a vehicle that has yielded the right of way to a vehicle approaching from an intersecting street.
R.C. 4511.25(A) provides that vehicles must be driven on the right side of the roadway except as follows:
 (1) When overtaking and passing another vehicle proceeding in the same direction, or when making a left turn under the rules governing such movements;
 (2) When an obstruction exists making it necessary to drive to the left of the center of the highway * * *.
R.C. 4511.33 sets forth the rules for driving in marked lanes. The statute provides:
 Whenever any roadway has been divided into two or more clearly marked lanes for traffic * * * the following rules apply:
 (A) A vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or until the driver has first ascertained that such movement can be made with safety.
R.C. 4511.30 provides that vehicles shall not be driven on the left side of a roadway under the following conditions:
 (A) When approaching the crest of a grade or upon a curve in the highway, where the operator's view is obstructed within such a distance as to create a hazard in the event traffic might approach from the opposite direction;
 (B) When the view is obstructed upon approaching within one hundred feet of any bridge, viaduct, or tunnel;
 (C) When approaching within one hundred feet of or traversing any intersection or railroad grade crossing.
R.C. 4511.28 permits the operator of a motor vehicle to pass to the right of another vehicle under certain circumstances. The statute provides:
 (A) The driver of a vehicle * * * may overtake and pass upon the right of another vehicle or trackless trolley only under the following conditions:
 (1) When the vehicle * * overtaken is making or about to make a left turn;
 (2) Upon a roadway with unobstructed pavement of sufficient width for two or more lines of vehicle moving lawfully in the direction being traveled by the overtaking vehicle.
 (B) The driver of a vehicle * * * may overtake and pass another vehicle or trackless trolley only under conditions permitting such movement in safety. The movement shall not be made by driving off the roadway.
Reading the foregoing statutes in pari materia,[4] along with the rule of expressio unius est exclusio altenius,[5] leads us to conclude that vehicles traveling in the same direction in a single marked lane of traffic may not pass on the left another vehicle stopped at an intersection. The General Assembly specifically set forth the rule that cars shall be driven in a single lane as much as practicable. We believe that it was entirely practicable for appellant to maintain her vehicle in a single line. See, generally, State v. McWilliams (1989),65 Ohio App.3d 699, 585 N.E.2d 437.[6] Moreover, the revised code prohibits driving on the left side of the roadway when approaching within one hundred feet of an intersection. The General Assembly has specified conditions under which a vehicle may overtake to the right another vehicle when traveling in a single line of traffic. See, generally, Sutch v. Krempasky
(Sept. 23, 1994), Lake App. No. 93-L-114, unreported; Rutherfordv. Lister (Mar. 28, 1983), Lawrence App. No. 1580, unreported. The General Assembly has not, however, passed a statute governing similar situations for passing a vehicle to the left.
We agree with the court's statement in Maines v. Viars (Aug. 13, 1984), Butler App. No. 84-03-038, unreported:
 "This court does not believe that the legislature intended to permit traffic to `lawfully' move in two parallel lines of travel in the same direction wherever two vehicles can squeeze next to each other on the roadway. Where there is not more than one clearly marked lane in any direction, it is reasonable to impose upon the party asserting that two or more such lanes exist the burden of proving his claim by a preponderance of the evidence. This could include evidence of the width of the street, the pattern or custom of those traveling the street or any other evidence indicating the existence of two or more continuous lines of travel in the same direction."
(Emphasis added.)
In the case at bar, no evidence exists as to the width of the street, the driving patterns or customs, or any other evidence demonstrating that Offnere contains two lanes of traffic for northbound vehicles. In fact, the trial court expressly determined that Offnere consists of one lane of travel for northbound traffic. Consequently, in view of the unique facts present in this case, we agree with the trial court's conclusion that appellant operated her vehicle in an unlawful manner by passing Scherer's vehicle to the left and thus lost her preferential status as the driver having the right of way to proceed uninterruptedly. See Timmons, supra.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KLINE, P.J.: Concurs in Judgment Only
EVANS, J.: Dissents with Dissenting Opinion
 BY: ______________________ PETER B. ABELE, Judge
[1] The parties herein did not provide this court with a transcript of the proceedings. We note, however, that the facts are largely undisputed. Thus, we have gleaned the facts from the parties' briefs, depositions, and from the trial court's judgment entry.
[2] The record submitted on appeal contains no clear evidence as to the reason why Scherer stopped her vehicle. Upon reviewing the record and the parties' arguments, it appears that Scherer stopped her vehicle to permit appellee to proceed into the intersection and turn left.
[3] We note that appellants attached various "exhibits" to their appellate brief that are not part of the record transmitted on appeal. In State v. Lenegar (Feb. 3, 1997), Vinton App. No. 98 CA 521, unreported, we stated: "[Attaching a document to an appellate brief] does not make the document part of the record on appeal. See App.R. 9(A); see, also, State v. Callihan (1992),80 Ohio App.3d 184, 197, 608 N.E.2d 1136. A court of appeals may not determine an appeal based on matters outside the record. See App.R. 12(A)(1)(b)."
[4] In Yonkings v. Wilkinson (1999), 86 Ohio St.3d 225, 227,714 N.E.2d 394, ___, the court reiterated that "a `cardinal rule' of statutory construction is that all statutes relating to the same general subject matter must be read in pari materia. Caterv. Cleveland (1998), 83 Ohio St.3d 24, 29, 697 N.E.2d 610, 615."
[5]_"Expressio unius est exclusio alterius means that `the expression of one thing is the exclusion of the other.'" Thomasv. Freeman (1997), 79 Ohio St.3d 221, 224, 680 N.E.2d 997, 1000
(quoting Black's Law Dictionary (6 Ed. 1990) 581).
[6] In McWilliams, 65 Ohio App.3d at 702-03,585 N.E.2d at 440, the court stated:
 "[A] line of vehicles stopped in the single marked lane of traffic [does not] constitute an obstruction which justified [the defendant]'s conduct. There are no circumstances in this case which indicate that it was impossible for appellant to remain within the single marked lane of traffic. Certainly, it was within appellant's control to wait his turn in the line of traffic until he could lawfully enter the second marked lane of travel which began just west of the * * * drive."
See, also, Mapes v. Opper (1983), 9 Ohio App.3d 140,458 N.E.2d 892, and King v. Owens (Mar. 30, 1995), Cuyahoga App. No. 67372, unreported,