CITY OF MIDDLETOWN, Appellee,

v.

WALKER, Appellant.

[Cite as *Middletown v. Walker* (1995), 107 Ohio App.3d 516.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA95–08–144.

Decided Nov. 27, 1995.

*Bruce E. Fassler,* Middletown City Prosecutor, for appellee.

*Paris K. Ellis,* for appellant.

———

KOEHLER, Judge.

Defendant-appellant, Ronnell Walker, appeals from a judgment of the Middletown Municipal Court finding him guilty of domestic violence as charged under Middletown Codified Ordinances 636.17(a). For the following reasons, we reverse.

The complaining witness, Monique S. Patterson, alleged that appellant made verbal threats and pushed and shoved her on August 2, 1995 at appellant's

residence in Middletown. Appellant was subsequently arrested, charged, and convicted as stated above. Appellant's sole assignment of error is as follows:

"The trial court erred when it found defendant/appellant guilty of the crime of domestic violence."

Appellant argues that the evidence is insufficient to support a conviction for domestic violence where the state failed to prove that Patterson is a family or household member as defined by statute. Appellant's argument is well taken.

Middletown Codified Ordinances 636.17(a) states in part that "no person shall knowingly cause or attempt to cause physical harm to a family or household member." "Family or household member" is defined as a person who resides or has resided with the offender and who is:

"1. A spouse, a person living as a spouse, or a former spouse of the offender;

"2. A parent or a child of the offender, or another person related by consanguinity or affinity to the offender;

"3. A parent or a child of a spouse, person living as a spouse, or former spouse of the offender, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the offender." Middletown Codified Ordinances 636.17(a)(4)(A).

Patterson testified at the hearing in this case that she has dated appellant for the past four years. The record indicates that appellant and Patterson currently maintain separate residences, and there is no evidence that the two ever cohabited. Patterson testified that she and appellant do not have any children together. There is no evidence that appellant and Patterson are related either by consanguinity or affinity. In sum, the state failed to prove a material element of the offense contained in the ordinance.

Appellant's assignment of error is sustained. The judgment of the Middletown Municipal Court is vacated, and pursuant to App.R. 12(B), appellant is ordered discharged.

*Judgment accordingly.*

WALSH, P.J., and WILLIAM W. YOUNG, J., concur.