DECISION AND JUDGMENT ENTRY
{¶ 1} Hartley E. Adkins ("Adkins") appeals the judgment of the Marietta Municipal Court convicting him of speeding in violation of R.C. 4511.21(D)(3). Adkins contends that the trial court erred by convicting him of speeding. Specifically, he argues that the trial court erred in imposing strict liability for the offense contrary to R.C. 2901.21. Therefore, Adkins reasons, there is insufficient evidence to support his conviction because the state failed to introduce evidence proving beyond a reasonable doubt that he acted recklessly. Additionally, Adkins argues that the trial court erred in allowing the state to proceed to prosecute him for speeding pursuant to R.C. 4511.21, rather than prosecuting him for operating an unsafe vehicle pursuant to R.C. 4513.02 when he presented some evidence tending to prove that his speedometer was improperly calibrated. Because we find that the state failed to prove each and every element of the offense beyond a reasonable doubt, we sustain Adkins' first assignment of error. Our resolution of Adkins' first assignment of error renders his second assignment of error moot. Accordingly, we reverse the decision of the Marietta Municipal Court and order the trial court to vacate Adkins' conviction and sentence.
 I. {¶ 2} On August 27, 2003, at approximately 1:20 a.m., Trooper Michael J. Seabolt ("Trooper Seabolt") issued Adkins a traffic citation for driving sixty-five m.p.h. in a fifty-five mile per hour zone in violation of R.C. 4511.21(D)(3). Adkins entered a plea of not guilty.
 {¶ 3} The Marietta Municipal Court conducted a trial on October 13, 2003.
Trooper Seabolt, the state's sole witness, testified that at approximately 1:20 a.m. on August 27, 2003, he was driving northbound on I-77 when he observed Adkins' commercial vehicle, a semi-tractor and trailer, traveling southbound on I-77. Trooper Seabolt testified that he visually estimated Adkins' speed to be in excess of fifty-five m.p.h., the speed limit for commercial vehicles along that stretch of interstate. He activated the radar unit in his vehicle and checked Adkins' vehicle speed, which registered at sixty-five m.p.h. Trooper Seabolt testified that he turned around and proceeded southbound to catch up with Adkins' vehicle. He followed immediately behind Adkins' vehicle, set his odometer, and proceeded to pace the vehicle. Trooper Seabolt testified that he paced Adkins' vehicle for a mile and two-tenths at a steady sixty-five m.p.h., at which time he activated his pursuit lights, moved to the right lane, and stopped Adkins' vehicle.
 {¶ 4} Adkins testified that his speedometer showed that he was traveling at fifty-five m.p.h. when Trooper Seabolt stopped him. Therefore, he believed he was traveling within the fifty-five m.p.h. speed limit. He further testified that, after receiving his citation, he had his speedometer calibrated and learned that it indicated eight m.p.h. slower than the vehicle's actual speed.
 {¶ 5} At the conclusion of the trial, the trial court found that the state had adduced credible evidence of all the essential elements of the offense. Accordingly, the trial court found Adkins guilty. However, due to the evidence of the equipment malfunction, the trial court imposed no fine, and ordered Adkins to pay court costs.
 {¶ 6} Adkins appeals, raising the following assignments of error: "ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED WHEN IT CONVICTED MR. ADKINS OF SPEEDING. [TR. 29]. ASSIGNMENT OF ERRORNO. II THE TRIAL COURT ERRED WHEN IT RULED THAT THE PROSECUTION COULD PROCEED PURSUANT TO R.C. § 4511.21 AS OPPOSED TO R.C. §4513.02 [TR.30]."
 {¶ 7} In order to convict Adkins of speeding in violation of R.C. 4511.21(D)(3), the state had to prove that: 1) Adkins operated his vehicle in excess of fifty-five m.p.h.; and, 2) Adkins' vehicle weighed in excess of eight thousand pounds when empty. Adkins contends that R.C. 4511.21 does not expressly set forth a culpable mental state or a plain indication of purpose to impose strict liability. Therefore, pursuant to R.C. 2901.21(B), Adkins contends that there was insufficient evidence to convict him of the charged offense because the state failed to prove that he acted recklessly.
 {¶ 8} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, superseded by state constitutional amendment on other grounds in State v. Smith (1997),80 Ohio St.3d 89. See, also, Jackson v. Virginia (1979), 443 U.S. 307,319. This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983),20 Ohio App.3d 172, 175. Rather, this test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson,443 U.S. at 319. Accordingly, the weight given to the evidence and the credibility of witnesses are issues primarily for the trier of fact. State v. Thomas (1982), 70 Ohio St.2d 79, 79-80;State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 9} Although Adkins has challenged the sufficiency of the evidence on the ground that the state failed to prove what he contends is the requisite mens rea for his offense, we find the evidence is insufficient on other grounds. Specifically, we find that the state offered no testimony or other evidence tending to prove the weight of Adkins' vehicle. Moreover, we note that the general description of the vehicle as a "semi-tractor and trailer" is insufficient to allow the trier of fact to infer the necessary weight, as the weight of such a vehicle is beyond common knowledge. See State v. Myers (May 25, 1995), Franklin App. No. 94APC11-1601, citing Ohio St. Highway Patrol v. Hitt
(Feb. 12, 1993), Lake App. No. 92-L-081, and State v. Cox (Mar. 21, 1991), Ashland App. No. CA-973.
 {¶ 10} Crim. R. 52(B) permits us to notice plain errors or defects affecting substantial rights that the complaining party failed to bring to the attention of the lower court. State v.Gideons (1977), 52 Ohio App. 2d 70, 77. In State v. Long
(1978), 53 Ohio St. 2d 91, the court wrote: "The power afforded to notice plain error * * * is one which courts exercise only in exceptional circumstances, and exercise cautiously even then. * * * As the United States Court of Appeals for the Sixth Circuit has noted, `The plain error rule is to be invoked only in exceptional circumstances to avoid a clear miscarriage of justice'." "The standard for plain error is whether substantial rights of the accused are so adversely affected as to undermine the `fairness of the guilt determining process,' Gideons, supra, at 77."State v. Swanson (1984), 16 Ohio App.3d 375, 377. For this court to find plain error, "* * * it must appear on the face of the record not only that the error was committed, but that except for the error, the result of the trial clearly would have been otherwise * * *. [citations omitted]" State v. Bock (1984),16 Ohio App.3d 146, 150.
 {¶ 11} Here, the state failed to prove an essential element of the offense charged — namely that Adkins' vehicle weighed in excess of eight thousand pounds when empty. R.C. 4511.21(D)(3). Adkins' conviction, based upon insufficient evidence, denied him his right to due process and undermined the fairness of the guilt determining process. State v. Thompkins (1997),78 Ohio St.3d 380, 386-387. But for this violation of Adkins' substantial rights, the outcome clearly would have been otherwise. Therefore, we find that Adkins conviction on insufficient evidence was plain error. Accordingly, we sustain Adkins' first assignment of error. Because we find that there was insufficient evidence to support Adkins' conviction due to the state's failure to introduce evidence regarding the weight of Adkins' vehicle, we find that his arguments challenging the trial court's application of strict liability for his violation of R.C. 4511.21(D)(3) are moot. Accordingly, we decline to address them. See App.R. 12(A)(1)(c).
 II. {¶ 12} In his second assignment of error, Adkins asserts that, in light of the evidence he presented regarding his equipment malfunction, the trial court erred in allowing the state to prosecute him for excessive speed pursuant to R.C.4511.21(D)(3). Instead, Adkins argues that the state should have prosecuted him for operating an unsafe vehicle pursuant to R.C.4513.02. Based upon our resolution of Adkins' first assignment of error, Adkins' second assignment of error is moot, and we decline to address it. See App.R. 12(A)(1)(c).
Judgment Reversed.
Abele, J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Judgment Only.