DECISION AND JUDGMENT ENTRY
{¶ 1} Ricky G. Barney appeals the Vinton County Court of Common Pleas' judgment finding him guilty of gross sexual imposition. Barney contends that: (1) the evidence is insufficient to support the conviction; (2) the conviction is against the manifest weight of the evidence; (3) the trial court erred in admitting testimony from state witnesses regarding generalized behaviors exhibited by sexually abused victims and the victim in this case; (4) defense counsel provided ineffective assistance; and (5) the trial court committed plain error by admitting testimony designed to bolster the credibility of the victim. We disagree and find that: (1) reasonable minds could reach the conclusion that Barney is guilty from the evidence presented at trial, (2) the trial court did not lose its way so as to create a manifest miscarriage of justice when it rendered the conviction, (3) the testimony of the state's witnesses was proper and admissible, (4) Barney received effective assistance from his trial counsel, and (5) the trial court did not commit plain error in allowing testimony that may have bolstered the victim's credibility. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} On May 24, 2002, a Vinton County Grand Jury indicted Barney on three counts of rape pursuant to R.C. 2907.02(A)(1)(b). The trial court held a bench trial on April 23-25, 2003.
 {¶ 3} At trial, the victim, Kayla Barney, testified that Barney, who is her uncle, touched her genitals with his genitals and hands and that she touched Barney's genitals with her hands. The acts occurred in a bedroom at Kayla's grandmother's home. Kayla was seven-years-old at the time the abuse occurred.
 {¶ 4} The state also presented testimony from Dr. Roland Benton, Melissa Robson, Karen Flint, Dr. Satish Jetty, and Janet Faye Clark. Dr. Benton is a pediatric physician and he treated Kayla in the emergency room after her parents discovered the abuse. Dr. Benton testified that he questioned Kayla regarding the possible abuse and that Kayla demonstrated male masturbation movements to him during the exam. On cross-examination, Dr. Benton testified that Kayla was the first child of her age that he ever observed mocking such movements and that children normally do not become aware of such movements until nine years of age.
 {¶ 5} Melissa Robson is an abuse investigator with the Vinton County Department of Job Family Services. She was assigned the case on April 18, 2002. Robson observed Kayla's forensic interview by closed circuit television. Robson testified that Kayla's description of the abuse was vivid and that Kayla's knowledge and awareness of sex was beyond that of a normal seven-year-old child.
 {¶ 6} Karen Flint is a child abuse specialist at the Child Protection Center. She participated in Kayla's forensic interview. Flint testified that she uses certain factors to determine the authenticity of children's claims of abuse, such as (1) consistency in answering questions when asked in different manners, (2) advanced knowledge of sexual acts, (3) sensory details, namely how something smelled, looked, or sounded, and (4) demeanor and body language. Flint testified that Kayla's responses during the forensic interview were consistent and that Kayla could describe and demonstrate male masturbation movements and sexual knowledge inappropriate for her age.
 {¶ 7} Dr. Satish Jetty is a board certified pediatrician specializing in child sexual abuse cases and works for the Child Protection Center. He conducted Kayla's forensic interview. Dr. Jetty testified that his impression from the forensic interview was that Kayla was sexually abused. However, Dr. Jetty also testified that he found no physical evidence of sexual abuse and that Kayla was developing normally.
 {¶ 8} Janet Faye Clark was an outpatient counselor at Tri-County Mental Health. At trial, Clark testified that one indication of Kayla's sexual abuse was her difficult sleeping. However, Kayla's mother testified that Kayla's troubled sleeping patterns began two years prior to the sexual abuse.
 {¶ 9} When the state rested, Barney's counsel motioned for the trial court to dismiss all three counts of rape on the basis that the state failed to prove sexual penetration. The state agreed to the dismissal, but requested the trial court proceed on two counts of gross sexual imposition pursuant to R.C.2907.05(A)(4) as a lesser included offense. The trial court dismissed the three counts of rape and proceeded on three counts of gross sexual imposition. On June 17, 2003, the trial court entered a judgment convicting Barney on two counts of gross sexual imposition. The trial court sentenced Barney to prison for four years.
 {¶ 10} Barney appeals and asserts the following assignments of error: "I. Appellant's conviction is not supported by a sufficiency of the evidence. II. The trial court's verdict is against the manifest weight of the evidence. III. The trial court erred in admitting the testimony of Melissa Robson, Dr. Satish Jetty, Janet Faye Clark, and Karen Flint about behaviors exhibited by sexually abused children generally and the alleged victim in this case in particular. IV. Insofar as trial counsel failed to object to testimony by Robson, Clark, Flint, and Jetty, such failures represent ineffective assistance of counsel. V. Did the trial court commit plain error by admitting testimony designed to bolster the credibility of the alleged victim's story [?]."
 II. {¶ 11} In his first assignment of error, Barney asserts that the state presented insufficient evidence to support a conviction. Barney argues that the state relied on improper leading questions to elicit testimony from the victim and on inadmissible testimony from Jetty, Flint, Robson, and Clark to bolster the victim's credibility.
 {¶ 12} Whether sufficient evidence exists to support a criminal conviction is a question of law. State v. Martin
(1983), 20 Ohio App.3d 172, 175. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St. 3d 259, paragraph two of the syllabus, superseded by state constitutional amendment on other grounds inState v. Smith (1997), 80 Ohio St.3d 89. Under this test, the appellate court may not weigh the evidence. Smith, supra at 175. Instead, this test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." State v. Adkins, Washington App. No. 03CA58, 2004-Ohio-2719, at ¶ 8, citing, Jackson v.Virginia (1979), 443 U.S. 307, 319. The weight given to evidence and the credibility of witnesses is primarily for the trier of fact to decide. State v. Thomas (1982), 70 Ohio St. 2d 79,79-80; State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 13} Here, a review of the record indicates that Barney was guilty beyond a reasonable doubt of gross sexual imposition. All of the evidence and elements of the lesser included offense of rape were present. R.C. 2907.05(A)(4) states: "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies: * * * (4) The other person, or one of the persons, is less than thirteen years of age, whether or not the offender knows the age of that person. * * *"
 {¶ 14} Here, the state had to prove that Barney: (1) engaged in sexual contact with the victim or caused the victim to engage in sexual contact with him, (2) that the victim was not Barney's spouse at the time the sexual contact occurred, and (3) that the victim was under the age of thirteen at the time of the sexual contact. At trial, the victim testified that Barney touched her genitals with his hands and genitals. She also testified that she touched Barney's genitals with her hands. It is undisputed that Kayla was seven-years-old at the time the alleged acts occurred. This testimony is sufficient to prove all elements required for a conviction under R.C. 2907.05(A)(4). Reviewing the evidence most favorable to the prosecution, a rational trier of fact could believe Kayla and find the essential elements of the crime proven beyond a reasonable doubt. Accordingly, we overrule Barney's first assignment of error.
 III. {¶ 15} In his second assignment of error, Barney contends that his conviction is against the manifest weight of the evidence. Barney asserts that: (1) the victim's testimony was largely based on improper leading questions; (2) that the victim admitted she lied in the past to protect herself and/or others; (3) that Barney had little opportunity alone with the victim in which to commit the accused acts; (4) that Kayla may have acquired her advanced sexual knowledge from other children; and (5) the state presented no physical evidence of abuse.
 {¶ 16} In deciding whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences therefrom, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. If the trial court lost its way and created a manifest miscarriage of justice, the appellate court must overrule the conviction and grant a new trial. State v.Thornburgh (Sept. 29, 1997), Lawrence App. No. 97CA21, 1997 WL 607521, citing State v. Garrow (1995), 103 Ohio App.3d 368,370-71. Despite the fact that an appellate court weighs the evidence and considers the credibility of witnesses, the trial court is still in the best position to gauge these factors.State v. Murphy, Washington App. No. 03CA12, 2003-Ohio-4939, at ¶ 15. Appellate courts should only overrule criminal convictions as being against the manifest weight of the evidence in "exceptional case[s] in which the evidence weighs heavily against the conviction." Murphy at ¶ 15. If substantial evidence exists upon which the trial court could reasonably conclude that the state proved all elements of the charged offense beyond a reasonable doubt, the conviction should be affirmed. Murphy at ¶ 15, citing State v. Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus.
 {¶ 17} Here, the record clearly reflects that the judgment of the trial court was not against the manifest weight of the evidence. The state presented substantial evidence through the testimony of the victim and others upon which the trial court could reasonably conclude that all elements of the offense were proven beyond a reasonable doubt. The trial court most certainly did not lose its way and create a manifest miscarriage of justice. Accordingly, we overrule Barneys second assignment of error.
 IV. {¶ 18} In his third assignment of error, Barney argues that the testimony of Robson, Dr. Jetty, Clark, and Flint was inadmissible. Barney asserts that none of these witnesses were deemed experts, but that they testified as experts and the court implicitly accepted their testimony as expert in nature. Barney contends that these witnesses did not base their testimony regarding the general behaviors of child abuse victims on reliable scientific, technical, or other specialized information as required by Evid.R. 702(C). Moreover, he argues that these witnesses testified to the ultimate issue in the case without being qualified as experts. Finally, Barney contends that the trial court improperly permitted these witnesses to testify as to the veracity of the victim and bolster the victim's credibility.
 {¶ 19} We find that no prohibition should apply regarding the veracity of the alleged victim's account. Evidence about the general characteristics of sexually abused children were admissible. Therefore, the testimony of Robson, Dr. Jetty, Flint, and Clark were properly admitted by the trial court. Any possible error regarding that testimony was waived at trial. Accordingly, we overrule Barney's third assignment of error.
 V. {¶ 20} In his fourth assignment of error, Barney argues that he received ineffective assistance of counsel because the defense counsel failed to object to improper testimony by the state's "expert" witnesses regarding the credibility of evidence. Barney argues that defense counsel's failures were incompetent and denied him a fair trial.
 {¶ 21} In State v. Ballew (1996), 76 Ohio St.3d 244, 255, the Ohio Supreme Court stated that "[r]eversal of a conviction or sentence based upon ineffective assistance of counsel requires (a) deficient performance, `errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment,'" and (b) prejudice, `errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' Ballew, quoting Strickland v. Washington (1984),466 U.S. 668, 687. Appellate courts must acknowledge a strong presumption that defense counsel acted within "the wide range of reasonable professional assistance." Strickland at 689.
 {¶ 22} Here, a review of the record simply does not reflect incompetence on the part of defense counsel. Barney received the vigorous assistance of counsel that is guaranteed by theSixth Amendment of the United States Constitution. The defense counsel made several strategic choices. However, this did not deprive Barney of a fair trial. Accordingly, we overrule Barney's fourth assignment of error.
 VI. {¶ 23} In his fifth assignment of error, Barney contends that the trial court committed plain error by admitting the testimony of Robson, Clark, Dr. Jetty, and Flint. According to Barney, the testimony of these witnesses served only to bolster the credibility of the victim, which is not permitted pursuant toState v. Boston (1989), 46 Ohio St.3d 108. Barney acknowledges that his counsel failed to raise an objection to this testimony at trial, but states that he is entitled to relief because the error in admitting the testimony was clear and apparent on the face of the record and prejudicial to his defense.
 {¶ 24} A defendant's failure to timely object at trial is a waiver of that objection unless the defendant can show that it was plain error by the trial court to admit the evidence or testimony. State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68. Crim.R. 52(B) places three limitations on an appellate court correcting an error in the absence of a timely objection at trial. Id. "First, there must be an error, i.e., a deviation from a legal rule. State v. Hill (2001), 92 Ohio St.3d 191, 200
(observing that the `first condition to be met in noticing plain error is that there must be error'), citing United States v.Olano (1993), 507 U.S. 725, 732 (interpreting Crim.R. 52(B)'s identical federal counterpart, Fed.R.Crim.P. 52(b)". Second, the error must be plain. To be `plain' within the meaning of Crim.R. 52(B), an error must be an `obvious' defect in the trial proceedings. State v. Sanders (2001), 92 Ohio St.3d 245, 257, citing State v. Keith (1997), 79 Ohio St.3d 514, 518 * * *. Third, the error must have affected `substantial rights.' [The Ohio Supreme Court has] interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial. * * *." Id. Moreover, the appellate court is not required to correct a plain error. Id. Instead, it is within the discretion of the appellate court to correct plain error. Id. A complaint of plain error must be handled with caution. Id. See,State v. Barnes (2002), 94 Ohio St.3d 21, 27; State v.Landrum (1990), 53 Ohio St.3d 107.
 {¶ 25} Barney asserts that Dr. Jetty could not relate her impression that the child was involved in sexual abuse. We disagree. The state is exactly correct in indicating: "Dr. Jetty had eminent qualifications to offer her testimony as an expert in her field. It could be understood as a summary that Dr. Jetty observed characteristics of a sexually abused child in Kayla during the forensic interview. Such information is admissible. Considering that this matter was tried to the court, it is appropriate to deem that the testimony was received in the manner in which it is admissible and not otherwise considered by the Court." Dr. Jetty's testimony that he had an impression that the alleged victim was sexually abused was premised on his experience and professional background.
 {¶ 26} We find that the trial court did not commit plain error in admitting testimony that tended to bolster the credibility of the victim's testimony. Accordingly, we overrule Barney's fifth and final assignment of error.
 VII. {¶ 27} Reviewing the record as a whole, this case was well tried. All the elements of gross sexual imposition were proven and the court accepted the testimony of the various state witnesses as true. Accordingly, we affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Court of Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Kline, P.J. and Abele, J.: Concur in Judgment and Opinion.
Justice J. Craig Wright, retired from the Supreme Court of Ohio, sitting by assignment of the Supreme Court of Ohio in the Fourth District Court of Appeals.