DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Lawrence County Municipal Court judgment of conviction and sentence. The trial court, after a bench trial, found Ryan L. Hannon, the defendant below and the appellant herein, guilty of the crime of domestic violence in violation of R.C.2919.25.
 {¶ 2} Appellant raises the following assignments of error for review:
First assignment of error:
"The trial court committed plain error in convicting defendant of domestic violence without evidence that the alleged victim was a `family or household member'."
Second assignment of error:
"The trial court erred in refusing to allow evidence of the alleged victim's prior attempts at suicide."
 {¶ 3} On March 27, 2004, an incident occurred between the appellant and Jennifer Belle. Subsequently, the authorities charged the appellant with domestic violence.
 {¶ 4} On May 14, 2004, the trial court conducted a bench trial. At the conclusion of the trial, the trial court found the appellant guilty as charged and pronounced sentence. Appellant filed a timely notice of appeal. Appellant also filed with the court clerk a request for a trial transcript to aid in the prosecution of his appeal. Subsequently, the court clerk advised counsel that the appellant's trial "was unable to be transcribed due to technical difficulty."
 {¶ 5} In light of this unfortunate occurrence, the parties filed an agreed statement in lieu of a transcript, pursuant to App.R. 9(D).[1]
Counsel for both parties and the trial court judge signed the agreed statement and submitted it to this court for purposes of appellate review. The agreed statement sets forth the facts adduced at trial as follows:
"Two witnesses testified for the State of Ohio. The alleged victim, Jennifer Belle, who testified that the defendant had choked her in the area of the neck and sat on her for a long period of time. She also testified that she opened the bedroom window in trying to escape and that he slammed the bedroom window smashing her fingers. Her testimony was that this occurred at her home in the jurisdiction of Proctorville and Lawrence County Municipal Court.
The defense cross examined about why she had not written in her statement that she had been choked and why there was no physical evidence of the bruising or fractures. In addition, counsel questioned the alleged victim about why she had written letters to the defendant while he was in jail, saying that she still loved him and that she wanted to be Mrs. Hannon in a few years. Counsel also tried to question the alleged victim about her prior attempts at suicide but the Court did not allow such evidence entered into the record.
The second witness for the State of Ohio was Ryan Miller who testified that he was a patron at the Speedway Gas Station next door to the house of the victim where this assault was alleged to have occurred. Ryan Miller stated that he heard a big boom and saw the feet and legs of the victim out the window and observed the defendant on her. Mr. Miller also testified that it appeared that the defendant was choking the victim. Mr. Miller further testified that the Proctorville Police were alerted and when they knocked on the door where this assault was occurring, the defendant opened the door and then tried to shut it and deny access to the police.
The defendant then questioned the witness about the distance he was from the home and whether the witness did really see a sock.
The State then rested.
The Defense called the defendant to the stand. The defendant stated that he did hold down the alleged victim but it was because she was going to attempt suicide.
The State asked again if there was a touching and the defendant answered in the affirmative.
The defendant again stated that he did because the alleged victim was attempting suicide.'"
 I {¶ 6} In his first assignment of error, the appellant asserts that the trial court's judgment is not supported by sufficient evidence. In particular, the appellant contends that "upon the agreed record of facts in this case, there is simply no evidence that the alleged victim was a `family or household member', as defined in the statute.[2] Appellant notes this requirement is an element of the offense and must be proved beyond a reasonable doubt. Appellant further contends that failure to prove an element of an offense constitutes plain error. Appellee contends that appellant and the victim lived together as boyfriend-girlfriend.
 {¶ 7} A appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosection, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, superseded by state constitutional amendment on other grounds in State v. Smith (1997), 80 Ohio St.3d 89,684 N.E.2d 668. See, also, Jackson v. Virginia (1979), 443 U.S. 307, 319,99 S.Ct. 2781, 61 L.Ed.2d 560. This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. Rather, this test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319. Accordingly, the weight given to the evidence and the credibility of witnesses are issues primarily for the trier of fact. State v. Thomas
(1982), 70 Ohio St.2d 79, 79-80, 434 N.E.2d 1356; State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.Ed.2d 212, paragraph one of the syllabus.
 {¶ 8} Our review of the parties' sparse agreed statement of fact does indeed reveal the absence of any evidence concerning the "family or household member" element of the crime of domestic violence. As the appellant points out, the lack of any evidence concerning this material element of the statute must result in the conclusion that the appellant's conviction is based upon insufficient evidence. See State v. Adkins
Washington App. No. 03CA58, 2004-Ohio-2719, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541; City of Middletown v. Walker
(1995), 107 Ohio App.3d 516, 669 N.E.2d 69; State v. Williams Hamilton App. No. C-950530; State v. Jorden (1999), 134 Ohio App.3d 131,730 N.E.2d 447; State v. Lee (1995), 73 Ohio Misc. 2d 9, 657 N.E.2d 604; Crim.R. 52(B).
 {¶ 9} Accordingly, based upon the foregoing reasons we hereby sustain the appellant's first assignment of error.
 II {¶ 10} In his second assignment of error, the appellant contends that the trial court erred by refusing to allow certain evidence to be admitted at trial. However, in light of our disposition of the appellant's first assignment of error, we find that his second assignment of error has been rendered moot. See App.R. 12(A)(1)(c).
 {¶ 11} Accordingly, based upon the foregoing reasons, we hereby sustain the appellant's first assignment of error, reverse the trial court's judgment and discharge the appellant.
JUDGMENT REVERSED.
[1] We recognize the inherent difficulty in creating an afterthe-fact rendition of all the evidence that was adduced at a trial. As appellee's counsel notes, it is "difficult to recollect every point covered in a trial months before." We appreciate counsels' effort to create an agreed statement pursuant to App.R. 9. We recognize, however, that some evidence may have been lost due to those unfortunate circumstances.
[2] R.C. 2919.25 provides in pertinent part:
(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
(B) No person shall recklessly cause serious physical harm to a family or household member.
(C) No person, by threat or force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member.
 * * *
(F) As used in this section and sections 2919.251 and 2919.26 of the Revised Code:
(1) "Family or household member" means any of the following:
(a) Any of the following who is residing or has resided with the offender:
(i) A spouse, a person living as a spouse, or a former spouse of the offender;
(ii) A parent or a child of the offender, or another person related by consanguinity or affinity to the offender;
(iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the offender, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the offender.
(b) The natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent.
(2) "Person living as a spouse" means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabitated with the offender within five years prior to the date of the alleged commission of the act in question.