[Cite as *State v. Blackmon*, 2012-Ohio-5854.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
|---|---|
| | Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 2012 CA 00110 |
| SEAN JOSEPH BLACKMON | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case No. 2012 CR 00184


JUDGMENT:    Reversed and Vacated


DATE OF JUDGMENT ENTRY:    December 10, 2012


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
RONALD MARK CALDWELL
ASSISTANT PROSECUTOR
110 Central Plaza South, Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

KENNETH W. FRAM
ASSISTANT PUBLIC DEFENDER
220 West Tuscarawas
Suite 200
Canton, Ohio 44702

*Wise, J.*

{¶1} Defendant-appellant, Sean Joseph Blackmon appeals his conviction on one count of domestic violence entered in the Stark County Court of Common Pleas.

{¶2} Plaintiff-appellee is the State of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶3} On January 28, 2012, Appellant Sean Joseph Blackmon punched Darshanae Lucius several times and choked her, causing visible injuries. From her birth until she was sixteen years old, Darshanae Lucius was presumed to be the natural daughter of Appellant's brother, as well as the natural niece of Appellant. When Darshanae was sixteen years old, a blood test was performed and it was determined that Appellant's brother was not Darshanae's father, and that her natural father was a man who had died.

{¶4} Regardless of the blood test results, Darshanae continued to live with the Blackmon family, moving out only briefly when she was twenty for about three months from May to August, 2011. On January 28, 2012, when Appellant assaulted her, Darshanae was living with the Blackmon family in their Canton residence.

{¶5} The Stark County Grand Jury indicted Appellant on one count of domestic violence, in violation of R.C. 2911.25(A), a felony of the fourth degree.

{¶6} At his arraignment on March 9, 2012, appellant entered a plea of not guilty to the charges.

{¶7} Subsequently, on April 18, 2012, appellant withdrew his former not guilty plea and entered a plea of no contest.

{¶8} Prior to pleading no contest, however, Appellant moved the trial court to dismiss the charge against him, arguing that one of the essential elements of the charged offense, i.e. that the victim of the assault was a household or family member, was absent in this case. He claimed that while the victim had been raised in his family since her birth, under the mistaken assumption that she was the natural daughter of Appellant's brother, that assumption was dispelled by a subsequent blood test.

{¶9} The trial court, after entertaining argument from the prosecution, overruled the motion to dismiss. Based upon a recitation of facts provided by the prosecution, the trial court found Blackmon guilty of the charged offense, but deferred sentencing pending the completion of a presentence investigation report. In so ruling, the trial court found that this recitation showed that the victim qualified as a household or family member under R.C. §2919.25(A):

{¶10} "THE COURT: So then the question becomes under that statute and the reason that statute was established to deal with domestic issues that seem to be repeating themselves over and over so that the legislators said hey, if in fact one has done this once and it happens again, we're now going to treat this as a felony. When they were establishing that, they were establishing it for those matters that they understood dealt with domestic.

{¶11} "So then they went about trying to define all that, and it is clear that looking at this from a strict statutory analysis you are correct, it does not fit any of the definitions when reviewed strictly, but as with rape shield cases sometimes you have to look at the reason for the statute, and this Court is not going to strictly interpret it when in fact there's no question but for a blood test this in fact was a family member that

would have been, uh, within the statute, would violate the spirit and the reason for the statute to view otherwise. So the Court is overruling your motion to dismiss this as a felony under the domestic violence statute." (T. at 8).

**{¶12}** As memorialized in a Judgment Entry filed May 16, 2012, appellant was sentenced to a community control sanction (Intensive Supervision Probation) for a period of three (3) years under specified terms and conditions.

**{¶13}** Appellant now raises the following Assignment of Error on appeal:

<u>ASSIGNMENT OF ERROR</u>

**{¶14}** "I. THE TRIAL COURT COMMITTED ERROR WHEN IT FOUND DEFENDANT-APPELLANT GUILTY OF DOMESTIC VIOLENCE WITHOUT SUFFICIENT EVIDENCE."

I

**{¶15}** Appellant, in his sole Assignment of Error, argues that his conviction was based upon insufficient evidence because the victim in this case was not a family or household member within the meaning of the domestic violence statute. We agree.

**{¶16}** When an appellate court reviews a record upon a sufficiency challenge, " 'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Leonard,* 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

**{¶17}** In the instant case, Appellant was convicted of Domestic Violence pursuant to R.C. §2919.25(A), which states,

**{¶18}** "No person shall knowingly cause or attempt to cause physical harm to a family or household member." [1]

**{¶19}** The term "family or household member" is defined in R.C. §2919.25 (F), which provides:

**{¶20}** "(1) "Family or household member" means any of the following:

**{¶21}** "(a) Any of the following who is residing or has resided with the offender:

**{¶22}** "(i) A spouse, a person living as a spouse, or a former spouse of the offender;

**{¶23}** "(ii) A parent, a foster parent, or a child of the offender, or another person related by consanguinity or affinity to the offender;

**{¶24}** "(iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the offender, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the offender.

**{¶25}** "(b) The natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent."

**{¶26}** "Physical harm" is defined as any injury, illness, or other physiological impairment, regardless of its gravity or duration. R.C. §2901.01(A)(3).

**{¶27}** Appellant herein does not dispute the sufficiency of the evidence regarding physical harm. What he does dispute is that there was sufficient evidence to determine that Ms. Lucius was a family or household member within the meaning of R.C. §2919.25.

---

[1] The offense was charged as a fourth degree felony pursuant to R.C. 2919.25(D)(3).

**{¶28}** As set forth above, a victim's status as a "family or household member" is a required element of the offense of domestic violence. *State v. Hannon,* 4th Dist. No. 04CA20, 2005-Ohio-874, 2005 WL 477858

**{¶29}** The domestic-violence statute is specifically designed to protect two people who are more than merely roommates, enabling such a victim of assault additional protection. Domestic violence is a crime quite different from a general assault, precisely because of the special intimacy of the parties.

**{¶30}** R.C. §2901.04(A) directs that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." *See also State v. Jordan* (2000), 89 Ohio St.3d 488, 492, 733 N.E.2d 601.

**{¶31}** Here, in strictly construing, R.C. §2919.25, we find that such statute does not provide that a person who once thought to be a blood relative remains a family or household member after such blood relationship is determined to have been mistaken.

**{¶32}** Based on the foregoing, Appellant's sole Assignment of Error is sustained.

**{¶33}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and vacated.

By: Wise, J.
Farmer, P. J., and
Edwards, J., concur.



_____

_____

_____

JUDGES

JWW/d 1119

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee              :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
SEAN JOSEPH BLACKMON                    :
                                       :
    Defendant-Appellant             :          Case No. 2012 CA 00110


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and vacated.

Costs assessed to Appellee.


                    _____


                    _____


                    _____

                                JUDGES