[Cite as *State v. Bardhi*, 2014-Ohio-1135.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  11-13-05

    v.

ARDJAN BARDHI,                     O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Paulding County Court
Trial Court No. 12-TRD-1926

Judgment Reversed and Cause Remanded

Date of Decision:  March 24, 2014


APPEARANCES:

    *Erik G. Chappell* for Appellant

    *Matthew A. Miller*  for Appellee

**SHAW, J.**

{**¶1**} Defendant-appellant Ardjan Bardhi ("Bardhi") appeals the April 17, 2013, judgment entry of the Paulding County Court, Traffic Division, finding Bardhi guilty of speeding in violation of R.C. 4511.21(D)(3), a minor misdemeanor, and ordering Bardhi to pay a $50 fine and court costs.

{**¶2**} The facts relevant to this appeal are as follows. On December 12, 2012, Trooper James Foltz of the Ohio State Highway Patrol initiated a traffic stop of a "Fed Ex" semi he observed driving 67 mph in a 55 mph zone. That semi was being driven by Bardhi. Bardhi was subsequently cited for speeding in violation of R.C. 4511.21(D)(3), which required the State to prove that Bardhi was driving in excess of 55 mph, and that he was driving a vehicle in excess of 8,000 pounds.

{**¶3**} On December 20, 2012, Bardhi pled not guilty to the charge, and the case proceeded to a bench trial. The trial was held on April 8, 2013. At trial, the State called Trooper Foltz, who testified that he observed Bardhi driving a semi eastbound on US 24 in Paulding County. Although Trooper Foltz testified that Bardhi was driving a "Fed Ex truck" or "semi," he made no further statements at trial regarding the vehicle's weight.

{**¶4**} Trooper Foltz testified that he was driving in the opposite direction of Bardhi when he "visually estimated" Bardhi driving above the posted speed limit of fifty five miles an hour. (Tr. at 8-9). Trooper Foltz testified that he then

activated his radar and the radar showed that Bardhi was driving 67 mph. (Tr. at 10). Trooper Foltz testified that he then initiated a traffic stop of Bardhi. (Tr. at 13). According to Trooper Foltz, Bardhi admitted that he was speeding but asked for a warning, as he had a clean driving record. (Tr. at 14).

{¶5} Bardhi's counsel then began cross-examining Trooper Foltz regarding his radar, the calibration, and whether there were any other cars around Bardhi's semi at the time Bardhi was clocked for speeding. During the cross-examination, the courtroom recording stops, and thus the remaining transcript was unable to be reproduced.

{¶6} On April 17, 2013, the trial court filed its judgment entry on the matter, finding Bardhi guilty of speeding in violation of R.C. 4511.21(D)(3). The court's judgment entry mentioned that Bardhi was driving a "Federal Express delivery truck" but it did not make any findings as to the weight of the vehicle. Bardhi was sentenced to pay a $50 fine and court costs.

{¶7} It is from this judgment that Bardhi appeals, asserting the following assignments of error for our review.

**ASSIGNMENT OF ERROR 1**
**THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND DEFENDANT, ARDJAN BARDHI, GUILTY OF R.C. 4511.21(D) DESPITE THE FACT THAT THE STATE FAILED TO PROVE EACH AND EVERY ELEMENT OF THE OFFENSE BEYOND A REASONABLE DOUBT.**

**ASSIGNMENT OF ERROR 2**
**THE TRIAL COURT VIOLATED DEFENDANT, ARDJAN BARDHI'S, DUE PROCESS RIGHTS BY RECORDING ON A MALFUNCTIONING TAPE RECORDER AND THEREBY OMITTING A SIGNIFICANT PORTION OF THE TRANSCRIPT.**

{¶8} Due to the nature of the disposition of this case, we elect to address the assignments of error together.

*First and Second Assignments of Error*

{¶9} In Bardhi's first assignment of error, he contends that there was insufficient evidence to convict him. Specifically, Bardhi contends that the State did not introduce any evidence of the weight of his vehicle, an essential element of the charge. In his second assignment of error, Bardhi contends that his due process rights were violated by the recording malfunction at his trial.

{¶10} When an appellate court reviews a record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Monroe,* 105 Ohio St.3d 384, 2005–Ohio–2282, ¶ 47, citing *State v. Jenks,* 61 Ohio St.3d 259 (1991), superseded by state constitutional amendment on other grounds as stated in *State v. Smith,* 80 Ohio St.3d 89 (1997). Sufficiency is a test of adequacy, and the

question of whether evidence is sufficient to sustain a verdict is one of law. *State v. Thompkins,* 78 Ohio St.3d 380, 386 (1997).

{¶11} In this case, Bardhi was cited with violating R.C. 4511.21(D)(3). This statute has since been amended. However, at the time Bardhi was cited, the statute read as follows:

> **(D)  No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows:**
>
> **\* \* \***
>
> **(3)   If a motor vehicle weighing in excess of eight thousand pounds empty weight \* \* \* at a speed exceeding fifty-five miles per hour upon a freeway as provided in that division[.]**

R.C. 4511.21(D)(3).  Thus, under the statute, there are two elements that the State is required to prove:  (1) that the vehicle weighed in excess of eight thousand pounds, and (2) that the vehicle exceeded fifty-five miles per hour. *State v. Adkins*, 4th Dist. Washington No. 03CA58, 2004-Ohio-2719, ¶ 7.

{¶12} In this case, there is clear testimony as to the speed element. However, the only testimony in the record regarding the first element, the weight of the vehicle, was that Bardhi was driving a "semi" or a "Fed Ex truck." Although the video of the stop corroborates Trooper Foltz's testimony that Bardhi was driving a semi, Trooper Foltz provided absolutely no testimony as to how much that semi weighed.

{¶13} In *State v. Myers,* 10th Dist. Franklin No. 94APC11-1601, 1995 WL 318755 (May 25, 1995), the Tenth District Court of Appeals held that testimony that a defendant drove a "Semi conventional box trailer truck" was insufficient to prove a vehicle weighed in excess of eight thousand pounds. Further, the court in *Myers* stated, "the general description of the vehicle is insufficient to allow the trier of fact to infer the necessary weight, as the weight of a given semi tractor-trailer is beyond common knowledge." *Myers* citing *Ohio State Patrol v. Hitt*, 11th Dist. Lake No. 92-L-081, 1993 WL 76237 (Feb. 12, 1993).

{¶14} Similarly, in *Ohio State Patrol v. Hitt*, *supra*, the Eleventh District Court of Appeals held that where there was testimony that a defendant was driving a "semi-truck" but no testimony regarding the weight of the semi, the evidence was insufficient to convict the defendant of a violation of R.C. 4511.21(D)(3). And, in *State v. Adkins*, the Fourth District Court of Appeals held that testimony that a vehicle was a "commercial vehicle, a semi-tractor and trailer" was insufficient to establish the weight of the vehicle for the purposes of this statute. *Adkins*, *supra*, at ¶ 11.

{¶15} In this case, Trooper Foltz provided no testimony beyond a general description of the vehicle. Based on the established case law, we cannot find that

this evidence was sufficient to find that the semi weighed more than 8,000 pounds.[1] Accordingly, Bardhi's first assignment of error is sustained.

{¶16} Our holding in the first assignment of error renders Bardhi's second assignment of error moot, and we decline to further address it.

{¶17} For the foregoing reasons Bardhi's first assignment of error is sustained, his second assignment of error is rendered moot, and the judgment of the Paulding County Court is Reversed and Remanded with instructions to discharge Bardhi on the claim against him.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS and PRESTON, J.J., concur.**

**/jlr**

---

[1] We would note that an officer's testimony that "[a] tractor and trailer obviously is generally over 8,000 pounds" was found to be sufficient for the trier of fact to determine beyond a reasonable doubt that the vehicle weighed over 8,000 pounds where the officer testified he was frequently at the "scale house" in Ashland and was familiar with the weight of commercial vehicles. *State v. Brooks*, 5th Dist. Ashland No. 98-COA-01268, 1999 WL 547441 (June 29, 1999). *Accord State v. Swinehart*, 5th Dist. Ashland No. CA-999, 1992 WL 238405 (Aug. 27, 1992) (wherein an officer's estimation that a semi-tractor weighed in excess of 14,000 pounds was also found to be sufficient to sustain a conviction under this statute where the officer's estimate was based on the officer having 23 years of experience with commercial vehicles). However, no such estimation or statement by Trooper Foltz was made in the case before us.